THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK A. NELSON, Appellant. (Appeal No. 1.) [595 NYS2d 270] — Judgment unanimously affirmed. Memorandum: We conclude that, on the record before us, defendant's waiver of the right to appeal did not include a waiver of the right to appeal from his sentence. There is no merit, however, to defendant's contention that his sentence is harsh or excessive. The fact that defendant sold a controlled substance to an undercover officer during the pendency of other criminal charges provided ample justification for the sentencing court's direction that the term imposed for that crime run consecutively to the terms imposed on the other charges. (Appeal from Judgment of Erie County Court, McCarthy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK A. NELSON, Appellant. (Appeal No. 2.) [595 NYS2d 357] — Judgment unanimously affirmed. Same Memorandum as in *People v Nelson* ([appeal No. 1] 191 AD2d 1038 [decided here-

with]). (Appeal from Judgment of Erie County Court, McCarthy, J.—Attempted Burglary, 2nd Degree.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.